JIMMIE JONES v. THE STATE.

No. 18181. Delivered April 29, 1936.
Rehearing Denied May 27, 1936.

The opinion states the case.

*Sam H. Townsend,* of Lufkin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for failing to stop and render aid; punishment, two years in the penitentiary.

From the standpoint of the State's testimony same is ample to show that a car driven by appellant on a public highway struck a Mr. Gray and broke his leg, and that appellant wholly failed to stop or render aid. There is no testimony opposing the fact that said collision actually took place, or that there was no stop or effort to render aid by the driver of said car. As we understand the record, the defense is wholly based on the proposition that said car was driven at the time by one Kellum, and that appellant was in said car in a drunken stupor, and had nothing to do with the accident. The court instructed the jury that if Kellum was driving the car at the time, appellant should be acquitted.

Appellant has six bills of exception. By the first complaint is made of the refusal of a motion to quash the indictment, based apparently on the ground that there exists a conflict between Articles 1149, P. C., and 1150, P. C. The motion was properly overruled. Art. 1149, P. C., defines and creates a totally different offense from that appearing in Art. 1150. One charges an assault committed by the wilful or negligent driving of a car against another at any time or place; while the other punishes him who, having driven a car against another vehicle or person on the highway, drives away without stopping to render aid, etc.

Bills of exception Nos. 2 and 3 complain of the refusal of special charges seeking to have the jury told that if appellant did not know that the car he was driving struck Mr. Gray, he should be acquitted. There is no duty upon trial courts to charge on theories not supported by testimony. The facts from the standpoint of the State's testimony show that in broad daylight, at about three o'clock p. m., a car driven by appel-

lant struck Mr. Gray,—who was in the middle of a highway,—with such force as to break his leg and split the bone. From the standpoint of the defense, appellant was merely a drunken passenger in said car which was driven by another, it being claimed that appellant was asleep when the collision occurred. Neither charge was called for, and both were properly refused.

The case was not one resting on circumstantial evidence, and a charge seeking to have the jury instructed to so consider the case was properly refused.

Appellant's bill of exceptions No. 5 complains because the State refused to use Kellum as a witness when tendered by the defense. We know no law so requiring.

The proposition in appellant's bill of exceptions 6 is plainly untenable. It would make no difference as to what offense caused appellant's arrest when he and his companion got to town. The only pertinent question, as we see it, is that appellant was then under the wheel driving the car,—not in a drunken stupor,—and Kellum was sitting on his right and not under the wheel and not driving.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—In his motion for rehearing appellant insists that bills of exception numbers two and three reflect that the trial court committed error in refusing his special charges telling the jury to acquit appellant if he did not know the car "he was driving" had struck Mr. Gray. We have again examined the statement of facts and are still of opinion no such issue was raised by the evidence. The defense was that appellant was not driving the car at the time of the accident. The court plainly told the jury to acquit appellant if they had a reasonable doubt as to whether he was driving the car. If someone other than appellant was driving the car when Gray was struck it would be immaterial under the facts here presented whether appellant knew the car had struck Gray.

The motion for rehearing is overruled.

*Overruled.*